IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

LOWELL FURLOWE,

    Plaintiff,

vs.                                     CIVIL ACTION 11-0057-KD-M

WEST FRASER, INC.,
et al.,

    Defendants.

## REPORT AND RECOMMENDATION

The Plaintiff's Motion to Remand (Doc. 9) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Federal question jurisdiction has been invoked in this Court under 28 U.S.C. § 1331 (see Doc. 1, pp. 2-3). After consideration, it is recommended that Plaintiff's Motion to Remand (Doc. 9) be denied.

The facts are, briefly, as follow. The Plaintiff's complaint articulated three causes of action: (1) wrongful retaliatory termination, (2) fraud and (3) violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Doc. 1-1). Defendants West Fraser, Inc. ("West Fraser") and Lee Wilson ("Wilson") (collectively "Defendants") filed their Notice of Removal on February 3, 2011 (Doc. 1). The Notice of Removal asserted, as follows:

> this Court has original jurisdiction over this matter as it arises under the laws of the United States,

> including Title VII of the Civil Rights Act of 1964,
> 42 U.S.C. § 2000(e). *See* 28 U.S.C. § 1331.
> Accordingly, Plaintiff's allegations in the Complaint
> state a "claim or right arising under the ... laws of
> the United States," which is properly removed to this
> Court. 28 U.S.C. § 1441(b). This action, therefore,
> could have been originally filed in this Court
> pursuant to 28 U.S.C. § 1331, as this Court has
> federal question jurisdiction.

(Doc. 1, pp. 2-3). Plaintiff filed a Motion to Remand on March 4, 2011 (Doc. 9). Plaintiff argued that this action should be remanded to state court because the first and second causes of action arise from violations of state law (Doc. 9). Defendants filed their Response (Doc. 11) and Memorandum in Support of the Response (Doc. 12). Plaintiff filed a Reply (Doc. 14) in which he stated that he "agrees that the Title VII discrimination claims in the complaint have been properly removed and the Plaintiff does not seek remand of that count and those claims of the complaint." (Doc. 14, p. 1).

In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007), cert. denied sub nom *Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008). In a removal action, that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Removal is a statutory remedy which must be narrowly construed so as to limit

federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 574 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The Court further notes that "[t]he well-pleaded complaint rule also governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)..." *Holmes Group*, *Inc. v. Varnado Air Circulation Systems*, 535 U.S. 826, 830 n.2 (2002). If a complaint sets forth multiple causes of action, and "[one cause of action] comes within the original jurisdiction of the federal courts, [then] removal was proper as to the whole case. See 28 U.S.C. § 1441(c)." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).

Plaintiff's complaint clearly alleges that "the actions by West Fraser, Inc. ... constitute a violation of Title VII of the Civil Rights Act of 1964 ..." (Doc. 1-1, p. 9). Plaintiff does not dispute that the Title VII discrimination claims have been properly removed (Doc. 14, p. 1).

Accordingly, the Court is instructed, when examining an action to determine if removal has been proper, to look at the pleadings at the time the removal was made. *See In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980)[1] ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed."). The Title VII claim made by Plaintiff evokes federal question jurisdiction, even if the two other claims are state claims; thus, this case has been properly removed. *See Franchise Tax Bd.*, 463 U.S. at 13. Plaintiff's claim under Title VII brings this action within the jurisdiction of this Court, and the Court need not address the arguments regarding supplemental jurisdiction and preemption.

In summary, for the reasons set out above, the Court finds that removal of the entire action to Federal court is proper. Therefore, it is recommended that Plaintiff's Motion to Remand (Doc. 9) be denied.

---

[1] The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1. <u>Objection</u>. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

 A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. <u>Transcript (applicable where proceedings tape recorded)</u>. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that

transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 5th day of April, 2011.

s/BERT. W. MILLING, JR.<br>UNITED STATES MAGISTRATE JUDGE